**E-Z MILLS, Inc., v. MARTIN BROS. CO.**
Patent Appeal No. 3920.

Court of Customs and Patent Appeals.
March 28, 1938.

Joseph W. Milburn, of Washington, D. C. (John A. Griesbauer, of Washington, D. C., of counsel), for appellant.

F. C. Caswell, of Minneapolis, Minn., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is a trade-mark cancellation proceeding under the Trade-mark Act of February 20, 1905, as amended, 15 U.S.C.A. §§ 81–109, wherein the Commissioner of Patents reversed a decision of the Examiner of Trade-mark Interferences which sustained appellant's petition for the cancellation of appellee's mark "Klad-ezee," printed in script in the arc of a circle. The Examiner sustained appellant's petition under the rule of res adjudicata. The Commissioner did not agree with the Examiner that the rule of res adjudicata was applicable, and held that the marks of the parties were not confusingly similar. Appellant brings this decision of the Commissioner before us for review.

Appellant's petition for cancellation, filed in 1935, is predicated upon use by it and its predecessors in business, since 1895, of the trade-mark "E-Z," applied to underwear and sleeping garments for children, which mark was duly registered in the Patent Office long prior to adoption and use of appellee's mark.

Appellant's petition also sets up ownership and use of the trade-mark "Fit-Ez," registered by it on December 21, 1926, and ownership and use of the trade-mark "E $\frac{sleep}{easy}$ Z," and registration of the same on November 15, 1921, and alleges confusing similarity between said marks and appellee's said mark "Klad-ezee." However, appellant does not rely upon its two last-named marks, and no further reference will be made thereto.

Appellee's mark "Klad-ezee" was registered on October 30, 1928, registration No. 248831, for use on "One-piece outer garments—viz, overalls and coveralls for men, women, and children, recreation suits for men, women, and children, and play suits for children." In said registration it was stated that appellee had used the mark since on or about May 1, 1928.

Appellant's petition for cancellation also alleges that on September 20, 1926, appellee filed an application for the registration of the mark "E-Z-Clad," used by appellee upon overalls and coveralls for men, women, and children, which application was prior to appellee's adoption of the mark here involved, "Klad-ezee;" that appellant filed notice of opposition to said proposed registration, to which notice no answer was made by appellee; and that a judgment pro confesso was entered, sustaining appellant's notice of opposition. Appellant upon this ground alleged that appellee's right of registration is now res adjudicata in this proceeding.

Said petition also alleges confusing similarity between appellant's mark "E-Z" and appellee's mark "Klad-ezee," and usual allegations of damage are made.

Appellee's answer denied confusing similarity of the marks of the parties, alleged

estoppel of appellant to bring this proceeding by reason of laches, and denied that the judgment rendered against it in the opposition proceedings above referred to is res adjudicata of the issues before us.

Testimony was taken by both parties, from which it appears that appellant and its predecessors had been engaged in the manufacture and sale of underwear, to which the trade-mark "E-Z" was applied, since 1895; that, for more than ten years last past, more than 250,000 dozen garments were manufactured and sold each year; that from 1916 to 1935 its advertising expenditures had amounted to more than $700,000; that appellee is engaged in business in Minneapolis, Minn.; that in 1923 it was engaged in a general jobbing business dealing in clothing for men, and that it manufactured and sold men's work clothing under the trade-mark "Buffalo Brand"; that it began the manufacture of one-piece outer garments having a drop seat construction, especially desirable for outer garments for children, and in 1926 adopted the mark "E-Z-Clad" as suggestive of the convenience afforded by the drop seat construction; that it applied for registration of said mark on September 20, 1926, to which application notice of opposition was filed by appellant, as hereinbefore stated; that in July, 1927, appellee instructed its attorneys to withdraw its application for the registration of the mark "E-Z-Clad," and it then adopted the mark here sought to be canceled; that appellee, in 1934, manufactured about 155,000 garments, to which its mark "Klad-ezee" was applied, and that it had expended, for advertising its goods so marked, from $3,000 to $11,000 per year.

As hereinbefore indicated, the Examiner of Interferences sustained appellant's petition for cancellation upon the ground that appellee was estopped, under the doctrine of res adjudicata, from registering the mark "Klad-ezee," by reason of the judgment entered in the previous opposition proceeding adjudging that appellee was not entitled to register the mark "E-Z-Clad." Upon appeal, the Commissioner held that the doctrine of res adjudicata was not applicable under the facts of record, and further held that the marks "E-Z" and "Klad-ezee," as used by the parties, are not confusingly similar. He therefore reversed the decision of the Examiner of Interferences and held that appellant's petition for cancellation should be dismissed.

We are inclined to agree with the Commissioner upon the question of res adjudicata, as applied to this case, but we are not in accord with his view that the marks "E-Z" and "Klad-ezee," as used by the parties, are not confusingly similar.

While the goods to which the marks of the parties are applied are not identical, they clearly possess the same descriptive properties, and we do not understand that appellee contends to the contrary. However, it does properly call attention to the differences in goods of the parties as bearing upon likelihood of confusion in the use of the respective marks.

That the mark first adopted by appellee, "E-Z-Clad," was confusingly similar to appellant's mark "E-Z," is too clear for argument, and appellee made no defense to appellant's notice of opposition to appellee's application to register "E-Z-Clad" as its trade-mark.

Appellee adopted the mark here involved with full knowledge of appellant's mark, and we are impressed that appellee sought to select, in place of the mark "E-Z-Clad," a mark that would approach as closely as possible to appellant's mark without infringing thereon.

We do not think that it has succeeded in doing so. If we were to test the marks of the parties by appearance alone, we would readily agree with appellee's counsel that the marks are not confusingly similar; but when we come to apply the test of sound, a very different impression is made.

We think that in the term "Klad-ezee," as pronounced, the letters "ezee" are the dominant part of the mark, by reason of their suggestiveness, and that such letters have normally the same pronounciation as the separate letters "E-Z," which constitute appellant's mark. That similarity in sound alone is sufficient to constitute confusing similarity between marks is well established. McKinnon & Co. v. HyVis Oils, Inc., 88 F.2d 699, 24 C.C.P.A., Patents, 1105; Cluett, Peabody & Co., Inc. v. Wright, 46 F.2d 711, 18 C.C.P.A., Patents, 937. The portion of the mark "Klad" is of only minor significance in the mark. That this is the view of the president of appellee is shown by his testimony, as follows:

"Q. 22. In what way, if any, did the construction of registrant's garments influence you in the selection of the mark 'Klad-ezee'?

A. We wanted a trade-mark that would be appropriate for our superior garments— one that would be suggestive of the ease with which the garments are put on and taken off and suggestive, too, of the comfort with which the garments are worn. Additionally, we wanted a trade-mark that would be suggestive of the 'self-help' drop-seat feature in our garments by which initiative and self-reliance is so readily encouraged in the children who wear them."

It is true that marks must be considered as a whole in determining confusing similarity between them, and we so consider the marks here involved. So considering the marks, we are of the opinion that there is likelihood of confusion in the mind of the purchasing public as to the origin of the goods bearing the respective marks of the parties. It is true that the record does not contain any evidence of actual confusion, but such evidence is not necessary in the determination of the registrability of a mark. Kroger Grocery & Baking Co. v. Blue Earth Canning Co., 88 F.2d 725, 24 C.C.P.A., Patents, 1098.

It is true that evidence of lack of confusion in the use of different marks may be persuasive that there is not likelihood of confusion, but such evidence cannot be controlling, and we are inclined, in the case before us, to give very little weight to the fact that no actual confusion has been shown.

In the case of Crystal Corp., etc. v. Manhattan Chemical Mfg. Co., Inc., etc., 75 F.2d 506, 508, 22 C.C.P.A., Patents, 1027, we said: "Many decisions, not necessary to cite here, in this court and in other courts, in cases quite similar in principle to the one at bar, have pointed out that those who adopt trade-marks for their merchandise should not enter a field where doubts can be reasonably entertained as to the likelihood of confusion, since the field from which to select valid trade-marks for use in distinguishing one's goods is a very broad one."

There was not the slightest occasion, in making the selection of a trade-mark, for appellee entering into the field of one whose business was well-known and established.

Gilmore Oil Co., Ltd. v. Wolverine-Empire Refining Co., 69 F.2d 532, 21 C.C.P.A., Patents, 943.

One would have thought that, after appellant's oposition to the registration of the mark of appellee, "E-Z-Clad," had been sustained, appellee would have selected a mark so far removed from appellant's mark in similarity that no possible question of confusion would arise, if its desire was really to indicate itself as the origin of the goods to which it applied its mark. Instead of that, so far as sound is concerned, it merely transposed some of the syllables of the mark which had been held to be confusingly similar to appellant's mark. It is true that testimony on behalf of appellee shows that it adopted the mark "Klad-ezee" only after a trade-mark search by its attorneys, and advice from them that it was free to use the mark. However, the fact remains that appellee's officers were entirely familiar with appellant's mark at the time of the adoption of the mark here involved; and while it was no doubt believed that appellee had the legal right to adopt and use said mark, it made such selection at its peril.

In appellee's answer to appellant's petition for cancellation it is alleged that appellant is estopped from asserting confusing similarity between the marks of the parties by reason of laches. Mere laches may not be invoked against a petitioner in a cancellation proceeding. Cluett, Peabody & Co., Inc. v. Hartogensis, etc., 41 F.2d 94, 17 C.C.P.A., Patents, 1166.

There is no evidence in the record that appellant ever acquiesced in the use of the mark "Klad-ezee" by appellee. On the contrary, appellant's testimony shows that appellant's officers or representatives had no knowledge of said mark until 1934, and then promptly, by letter to appellee, objected to such use.

It is our opinion that, upon the record before us, appellant's petition for cancellation should be sustained and appellee's mark should be canceled.

In accordance with the foregoing, the decision of the Commissioner of Patents is reversed.

Reversed.