28 C.C.P.A. (Patents)

### In re COHEN, GOLDMAN & CO., Inc.

Patent Appeal No. 4458.

Court of Customs and Patent Appeals.

May 6, 1941.

Wm. H. Pattison, of Washington, D. C. (Borowsky & Burrows and Benjamin Bur-

rows, all of New York City, and Pattison, Wright & Pattison, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents affirming that of the examiner denying appellant's application for the registration of a trade-mark "for men's, boys' and children's outer garments, consisting of coats, vests, pants and trousers," which mark is described in the brief for appellant as follows: "The mark sought is a composite mark and comprises the words British Knockabout Model printed in white upon and extending diagonally across a black rectangle. White lines upon the rectangle define a rectangular enclosure for the aforesaid words and also define a larger rectangle enclosing the smaller rectangle within which the words appear."

In the application it was stated: "Applicant disclaims the word 'Model' apart from the mark shown in the drawing."

The record discloses a state of facts which has led the Solicitor for the Patent Office to suggest, before us, the thought that a question of this court's jurisdiction may be involved.

The application as filed, November 26, 1938, sought registration under the provisions of the Trade-Mark Registration Act of February 20, 1905, 15 U.S.C.A. § 81 et seq., and alleged use of the mark "since September 1st, 1938."

January 13, 1939, the examiner rendered decision refusing the registration for reasons stated in the decision. January 26, 1939, applicant asked for reconsideration. February 24, 1939, the examiner "repeated" his refusal. Thereupon, under date of March 1, 1939, counsel for applicant addressed a "Letter to Office," reading:

"Hon. Commissioner of Patents.

"Sir:

"Responsive to Office letter dated February 24th, 1939:

"The undersigned will, at the proper time, amend the application, so as to bring same under the Act of 1920.

"The undersigned desires to know whether it is the intent of said Office letter that the reference citations therein mentioned, preclude registration of applicant's mark in any event."

To the above the examiner responded under date of March 18, 1939: "Applicant is advised that the references of record preclude applicant's registration under the 1920 Act."

No amendment to the application to bring it under the 1920 act, 15 U.S.C.A. § 121 et seq., was entered, and appeal was taken to the commissioner. No errors were assigned in that appeal but the statement of the examiner made after the appeal treated it as an "appeal from the refusal of the Examiner to allow registration under the Act of February 20, 1905," and discussed it upon that basis. Also, as we understand the statement, he set forth reasons for refusing registration under the 1920 act.

In his decision the commissioner in stating the case referred to it as an appeal from the refusal to register the mark under the 1905 act, but said:

"The examiner held that, because it includes undisclaimed geographical and descriptive matter, the mark is nonregistrable under the Act of 1905; but as applicant has now expressed its willingness to accept registration under the Act of March 19, 1920, that ground of refusal need not be passed upon.

"Registration was also refused on the ground that applicant's mark is confusingly similar to the marks 'Knockabout' and 'Nockabout,' both previously registered for merchandise of the same descriptive properties as that set forth in the application. It must be admitted, as urged by counsel, that those two marks are more nearly similar to each other than is applicant's mark to either; but that fact adds nothing to the registrability of applicant's mark. See Pepsodent Co. v. Comfort Manufacturing Co., 83 F.2d 906, 23 C.C.P.A., Patents, 1224, and cases there cited. As I am const[r]ained to agree with the examiner that confusion would be likely to result from the concurrent use of applicant's mark and either of the registered marks, it follows that in my opinion the registration applied for was properly refused."

From the foregoing it appears that while the commissioner deemed it unnecessary to pass upon the geographical and descriptive ground of refusal stated by the examiner, he did pass upon and approved the examiner's rejection under the 1905 act on the ground of confusing similarity.

In appealing to this court appellant stated six reasons of appeal, the fifth of which read: "The Commissioner erred in refusing to allow registration of the mark under the Trade Mark Act of 1905."

In the brief before us, however, appellant stated: "In this appeal appellant will depend upon, urge and argue errors Nos. 1 to 4 inclusive as set forth in appellant's Notice of Appeal * * * to this court."

Those four reasons of appeal, as we view them, might apply to refusals under either of the acts, but in view of the apparent abandonment of the fifth reason, the only one which mentions the 1905 act, we have experienced difficulty in determining just what scope appellant intended its appeal should have.

It has been settled, however, that no appeal lies to this court from a refusal by the commissioner to register a mark under the act of 1920. United States Compression Inner Tube Co. v. Climax Rubber Co., 53 App.D.C. 370, 290 F. 345, 1923 C. D. 211.

We, therefore, treat the appeal before us as being from the refusal of registration under the act of 1905 and consider it solely on that basis. We should have no hesitation in affirming a decision of rejection under that act on the ground of descriptiveness were that ground before us, but we are also in agreement with the holding that the mark is confusingly similar to the marks "Knockabout" and "Nockabout," previously registered to others for use on goods of the same nature, and that confusion as to origin would be likely to result from the concurrent use of applicant's mark and either of the other previously registered marks, and so rest our decision on that basis.

The decision of the commissioner denying registration under the act of 1905 is affirmed.

Affirmed.