30 C.C.P.A. (Patents)

**VI–JON LABORATORIES, Inc., v. LEN-THERIC, INCORPORATED.**

Patent Appeal No. 4659.

Court of Customs and Patent Appeals.

Feb. 3, 1943.

A. W. Murray, of Chicago, Ill., for appellant.

Frank Wilen, of Brooklyn, N. Y., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences sustaining appellee's notice of opposition and holding that appellant was not entitled

948

to the registration, under the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq., of a trade-mark comprising the words "Night in Shanghai," printed in letters simulating Chinese characters, for use on "perfumes and face and hand lotions."[1]

The geographical term "Shanghai" has been disclaimed by appellant apart from the mark as shown.

Appellant's application for registration was filed November 8, 1939, and it is stated therein that appellant has used its mark since May, 1937.

No evidence was introduced by appellant.

Appellee's trade-mark consists of the geographical term "Shanghai."

It appears from the evidence introduced by appellee that appellee has used its trade-mark continuously on toilet articles, such as perfume, toilet water, sachet, talcum powder, bath powder, and bath oil, since at least as early as September 15, 1936; that it has expended large sums of money in advertising its goods and its trade-mark "Shanghai"; and that its goods are sold to the purchasing public through drug stores and department stores throughout the United States. It further appears from the evidence introduced by appellee that although appellee's products are manufactured in the United States, certain "essence compounds," used as ingredients therein, are produced in France.

It is apparent from the record that appellee is the prior user of the term "Shanghai," and that the goods of the parties possess the same descriptive properties.

Although it is contended by counsel for appellant that the geographical term "Shanghai" is used on appellee's labels in such manner as to lead the public to believe that appellee's goods are produced in Shanghai, that Shanghai is one of the various addresses of appellee, or that appellee's products are popular in Shanghai, we find nothing on appellee's labels of record to support those contentions.

It is argued by counsel for appellant that the word "Shanghai" is a geographical term and, therefore, is not susceptible of exclusive ownership by appellee.

The right of appellee to oppose the registration of appellant's mark does not depend upon the exclusive ownership by appellee of its trade-mark "Shanghai." It is only necessary that appellee establish that it would probably be damaged by the registration of appellant's mark. California Cyanide Co. v. American Cyanamid Co., 40 F.2d 1003, 17 C.C.P.A., Patents, 1198; Trustees for Arch Preserver Shoe Patents v. James McCreery & Co., 49 F. 2d 1068, 18 C.C.P.A., Patents, 1507; Helzberg v. Katz & Ogush, Inc., 73 F.2d 626, 22 C.C.P.A., Patents, 768; Pep Boys, Manny, Moe & Jack v. Fisher Bros. Co. (cross appeals), 94 F.2d 204, 25 C.C.P.A., Patents, 818. Accordingly, the only remaining issue to be determined is whether the marks in question, when used concurrently by the parties on their respective goods, would be likely to cause confusion or mistake in the mind of the public or deceive purchasers. In considering that issue and the right of appellant to register its mark, it should be understood that it is not of vital importance that appellant in its application for registration has disclaimed the term "Shanghai" apart from its mark as shown. Walgreen Co. v. Godefroy Mfg. Co., 58 F.2d 457, 19 C.C.P.A., Patents, 1150; Gillette v. Gillette Safety Razor Co., 65 F. 2d 266, 20 C.C.P.A., Patents, 1177; Helzberg v. Katz & Ogush, Inc., supra.

We have given careful consideration to the arguments presented here by counsel for appellant that considering the marks as a whole they are not confusingly similar. However, we are not persuaded that counsel is right in his contentions. On the contrary, we are of opinion that those of the purchasing public who are familiar with appellee's mark "Shanghai" might readily believe that appellant's goods sold under the trade-mark "Night in Shanghai" were produced by appellee, and that the concurrent use by the parties of their marks on their respective goods would be likely to cause confusion or mistake in the mind of the public or deceive purchasers.

---

[1] This cause was originally decided by this court on the first day of December, 1942. Thereafter, counsel for appellee filed a petition for rehearing, requesting that the court revise certain language in its decision which, it was contended, was not necessary to a decision in the case. The rehearing was granted, January 29, 1943, solely for the purpose of permitting the court to revise the language in its decision to which counsel for appellee had directed the court's attention.

For the reasons stated, we are of opinion that the tribunals of the Patent Office were right in sustaining appellee's notice of opposition and holding that appellant is not entitled to have its mark registered.

The decision of the Commissioner of Patents is affirmed.

Affirmed.