32 C.C.P.A.(Patents)

### Application of WINGS PUB. CO., Inc.

### Patent Appeal No. 4963.

Court of Customs and Patent Appeals.

March 5, 1945.

Lester L. Sargent, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents, speaking through an assistant commissioner (58 USPQ 428), affirming the decision of the Examiner of Trade-Marks, denying appellant's application, filed July 15, 1942, for the registration, as a trade-mark for a "Magazine of Cartoons," of the notation "Wings Comics," the latter word being disclaimed apart from the mark shown, and the former word being imposed upon a drawing representative of wings.

It appears that appellant's magazine is a monthly publication.

The rejection was based upon registration No. 231,542, under date of August 23, 1927, of the word "Wings," in the name of

The Literary Guild of America, Inc., as a trade-mark for a "periodical publication."

We note from the record that appellant's application as originally filed described the publication upon which the mark was applied as a "periodical," and that after preliminary rejections by the examiner based upon the registration cited, and prior to his final rejection, the description was amended by striking "periodical" and substituting therefor "Magazine of Cartoons."

■ "Magazine," as the term is used here, is embraced within the meaning of the term "periodical," and, so far as this case is concerned, the terms are synonymous. In other words, both terms describe publications, and the fact that appellant chose to use "magazine" rather than "periodical" is of no moment in considering the question of whether appellant's publication has the same descriptive properties as the publication of the reference.

Appellant apparently makes no contention to the contrary, but contends, in effect, that the respective periodicals are not goods of the same descriptive properties because, notwithstanding the resemblance of the respective titles, the *contents* of the respective publications are of an entirely different nature.

In his decision affirming that of the Examiner of Trade-Marks, the commissioner said, inter alia:

"Registration has been refused in view of a prior registration to another of the word 'Wings,' the registration stating the mark to be appropriated to a periodical publication. No particular type or character of periodical publication is specified in the registration.

"Applicant asserts the registrant of said registration applies the mark 'Wings' to a magazine, published monthly by said registrant, devoted to information about newly published books, as shown by a copy of such publication which applicant filed at the hearing of this appeal. Applicant contends that in view of the differences in type and character between this publication and a magazine of cartoons and the differences between the mark of the registration and the mark applicant seeks to register, registration of applicant's mark should be granted. However, it seems to me that here the proper comparison is between the goods as named respectively in the application and in the registration. General Foods Corporation v. Casein Company of America, Inc., 108 F.2d 261, 27 C.C.P.A. 797, 515 O.G. 562, and since a magazine of cartoons is a periodical publication I consider the cited registration to be for the identical goods named in the application.

"The word 'Wings' is unquestionably the dominating feature of applicant's mark. That word is the entire mark of the cited registration and in my opinion the marks as applied to the respective goods are clearly confusingly similar."

Appellant's reasons of appeal in effect allege error in view of the differences in the type and character of the contents of the respective periodicals, and also in the holding that the respective marks themselves are confusingly similar.

■ We think it properly may be said that the matter of registering as technical trade-marks the titles or names adopted by publications such as newspapers and magazines has presented numerous perplexing questions in the past, and that there has been doubt on the part of some as to whether the Congress, in passing the Trade-Mark Registration Act of February 20, 1905, 15 U.S.C.A. §§ 81–109, and the subsequent amendments thereto, contemplated such registrations. The instant case, however, does not present a record which would render necessary or proper a consideration of that question. It is sufficient to say that it has become the settled practice to grant such registrations in cases where it is deemed proper so to do, measuring the applications for same by the statutory provisions and the rules and regulations conforming thereto as applied to all types of goods and merchandise.

The pertinent statutory provisions applicable here are embraced in the language of the Trade-Mark Registration Act of February 20, 1905, 15 U.S.C.A. § 85, reading (the italics being supplied):

"That no mark by which the goods of the owner of the mark *may be distinguished from other goods of the same class* shall be refused registration * * * *Provided,* That trade-marks * * * which so nearly resemble a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers shall not be registered."

The "merchandise" to which applicant applies the mark of the application is a

periodical within the common meaning of that term. So is the "merchandise" to which the registered mark is applied. Hence the "merchandise" broadly is identical. It may be that there are differences in the nature of the contents of the respective publications, but the marks are not for application to the contents, but to the publications themselves. They constitute titles. The nature of the contents may vary in each from month to month, and we are unable to see upon what basis the contents of a single issue, or even a plurality of issues, may be taken as a criterion in considering the question of descriptive properties.

It may be conceded that the disclaimed word "Comics" in appellant's application is some indication of the nature of the contents of the magazine, but we are not aware of any reason why the magazine may not contain matter other than comics if the publisher chooses, nor are we aware of any reason why the publisher of the periodical named simply "Wings" may not publish comics in its columns.

We think it clear that the "merchandise" of the application possesses the same descriptive properties as the "merchandise" of the registration.

We also think it clear that the commissioner's holding that "Wings" constitutes the dominant feature of appellant's mark is correct. The pictorial representation of wings upon which the word is imposed, if it serves any purpose at all, seems to us merely to add to the dominant character defined.

It is our view that appellant's application was properly rejected.

The decision of the Commissioner of Patents is affirmed.

Affirmed.