45 C.C.P.A (Patents).

**BELLBROOK DAIRIES, Inc. (Edlo, Inc., assignee, substituted), Appellant,**

v.

**HAWTHORN–MELLODY FARMS DAIRY, Inc., Appellee.**

**Patent Appeal No. 6337.**

United States Court of Customs and Patent Appeals.
March 21, 1958.

William G. MacKay, San Francisco, Cal. (Charles R. Allen, Jr., Washington, D. C., of counsel), for appellant.

Byron, Hume, Groen & Clement, Chicago, Ill. (Samuel Lebowitz, Washington, D. C., and Milton T. Miller, Chicago, Ill., of counsel), for appellee.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH, and JACKSON (retired), Judges.

**432**

O'CONNELL, Judge.

This is an appeal from the decision of the Assistant Commissioner of Patents, acting for the Commissioner, 110 U.S. P.Q. 372, reversing the decision of the Examiner of Interferences and dismissing an opposition filed by appellant, Bellbrook Dairies, Inc. (Edlo, Inc., assignee, substituted) to the registration by appellee, Hawthorn-Mellody Farms Dairy, Inc., of the trade-mark "Vita-Slim" for fluid milk. The opposition was based on appellant's alleged prior use of "Slim" as a trade-mark for fluid milk.

The record shows continuing use of the word "slim," in large letters, on skim milk cartons by appellant and its licensees, beginning in July 1949. Such use antedates appellee's alleged date of first use, May 1950. Accordingly, no issue of priority is presented, and the only question to be determined is whether the concurrent use by the parties of their respective marks on identical merchandise would be likely to result in confusion or mistake or to deceive purchasers.

The Examiner of Interferences held that since "Vita-Slim" consists merely of "Slim" with the addition of the descriptive term "Vita," confusion in trade was likely to result from concurrent use of the respective marks.

The Assistant Commissioner held, however, that there was no likelihood of such confusion. She based that holding on "the highly suggestive significance of 'Slim'," and the fact that appellant and its licensees did not use that word alone, but in combination with other words indicating origin, such as "Bellbrook," "Mayflower," "Pages," or "Embassy," which practice "has probably led the purchasing public to think of 'Slim' as a skim milk product put on the market by a dairy in their area, rather than as a trade-mark identifying the skim milk of opposer and distinguishing it from the skim milk of others."

As we understand the decision of the Assistant Commissioner, she does not hold that appellant's use of "Slim" has not been a trade-mark use; and appellee

could not well contend for such a proposition since, as correctly stated by the Assistant Commissioner, appellee "uses 'Vita-Slim' in substantially the same way as opposer and its 'franchisees' use 'Slim' — i. e. with the word mark 'Hawthorne Mellody' above the word 'Vita-Slim'." Apparently, it was the view of the Assistant Commissioner that "Slim" as used by appellant was a weak mark, and that the addition of the notation "Vita" to it was sufficient to avoid any likelihood of confusion.

As was pointed out by the Examiner of Interferences, it is the general rule "that one may not appropriate the entire mark of another and avoid a likelihood of confusion by the addition thereto of descriptive or otherwise subordinate matter." This court has made holdings to that effect in each of the following cases: Miller Becker Co. v. King of Clubs, Inc., 56 F.2d 883, 19 C.C.P.A., Patents, 1024 (Ace and Ace-of-Clubs); National Biscuit Co. v. Sheridan, 44 F.2d 987, 18 C.C.P.A., Patents, 720 (American Beauty and American Beauty Rose); E-Z Mills, Inc. v. Martin Brothers Company, 95 F.2d 269, 25 C.C.P.A., Patents, 992 (E-Z and Klad-ezee); In re Cohen, Goldman & Co., Inc., 119 F.2d 599, 28 C.C.P.A., Patents, 1141 (Knockabout and British Knockabout Model); Vi-Jon Laboratories, Inc. v. Lentheric Inc., 133 F.2d 947, 30 C.C.P.A., Patents, 916 (Shanghai and Night in Shanghai); In re Wings Publishing Co. Inc., 148 F.2d 214, 32 C.C.P.A., Patents, 926 (Wings and Wings Comics); and Penrith-Akers Manufacturing Co. v. Ju-C-Orange of America, 182 F.2d 211, 37 C.C.P.A., Patents, 1056 (Ju-See and Ju-C-Orange).

As shown by appellee's evidence, its skim milk is fortified by the addition of vitamins, and the use of the notation "Vita" on such a product obviously has a descriptive connotation. The use of that notation on vitamins and products which contain them is conventional. Vitab Corporation v. Knox Company and Endo Products Inc., 143 F.2d 883, 31 C.C.P.A., Patents, 1205; Miles Laboratories, Inc. v. Foley & Co., 144 F.2d 888,

32 C.C.P.A., Patents, 714; Vital Foods Corporation v. Miles Laboratories Inc., 156 F.2d 77, 33 C.C.P.A., Patents, 1136. Moreover, appellee's application contains a disclaimer of all rights to the expression "Vita" separate and apart from its combination with "Slim." It seems evident, therefore, that "Vita" cannot properly be regarded as the principal or dominant part of appellee's mark.

While the word "Slim" is suggestive of the intended effect of skim milk on the purchaser, as indicated by the fact that both parties have used it in association with the notation "non-fattening," it would not be thought of as relating to the physical properties of the milk itself, and hence is not descriptive in the same sense as "Vita."

In our opinion "Slim," forms the dominant part of appellee's mark "Vita-Slim," and the concurrent use of those two marks on identical goods would be likely to lead to confusion in trade.

The fact that each of the parties applies an additional name or trade-mark to its product is not sufficient to remove the likelihood of confusion. The right to register a trade-mark must be determined on the basis of what is set forth in the application rather than the manner in which the mark may be actually used. Intercontinental Mfg. Co. v. Continental Motors Corp., 230 F.2d 621, 43 C.C.P.A., Patents, 841; Kiekhaefer Corp. v. Willys-Overland Motors, Inc., 236 F.2d 423, 43 C.C.P.A., Patents, 1013.

Appellee notes that an application by appellant for registration of "Slim" as a trade-mark was dropped after the filing of an opposition based on the mark "Klim." However, it is not necessary that an opposer shall be the registrant or exclusive owner of the mark on which it relies. It is sufficient to show that the opposer would probably be damaged by the registration which it opposes. Vi-Jon Laboratories, Inc. v. Lentheric Inc., 133 F.2d 947, 30 C.C.P.A., Patents, 916. Likelihood of confusion affords sufficient evidence of probable damage, even though the opposer may not have used its mark as a technical trade-mark. George H. Ruth Candy Co. v. Curtiss Candy Co., 49 F.2d 1033, 18 C.C.P.A., Patents, 1471; Virginia Dare Extract Co. Inc. v. Dare, 70 F.2d 118, 21 C.C.P.A., Patents, 1086, and cases there cited.

Appellee contends that, in view of the suggestive nature of "Slim," appellant should not be allowed to prevent others from using that word, at least in its descriptive sense. However, the issue here is not whether appellee is entitled to use the mark "Vita-Slim," but whether it is entitled to register that mark. Since we are of the opinion that concurrent use of "Slim" and "Vita-Slim" by the respective parties on identical merchandise would be likely to result in confusion in trade, we conclude that the latter mark is not registrable to appellee in view of appellant's prior use of the former, and the decision of the Assistant Commissioner is accordingly reversed.

Reversed.

JACKSON, J., retired, recalled to participate.