46 CCPA
**Frances DENNEY, Appellant,**

v.

**ELIZABETH ARDEN SALES CORPORATION, Appellee.**

**Patent Appeal No. 6410.**

United States Court of Customs and Patent Appeals.

Feb. 5, 1959.

Mock & Blum, New York City (Asher Blum, New York City, and Charles R. Allen, Jr., Washington, D. C., of counsel), for appellant.

Howard A. Rosenberg, New York City (William R. Liberman, New York City, of counsel), for appellee.

Before WORLEY, Acting Chief Judge, and RICH and MARTIN, Judges.

MARTIN, Judge.

This appeal is from the decision of the Commissioner of Patents, speaking through the Assistant Commissioner, affirming the decision of the Examiner of Interferences dismissing an opposition to trademark application, serial No. 650,-344, for registration of "Invisible Veil" for pressed face powder, use since June 1, 1953 being asserted. Opposer-appellant relied on use since March of 1951 of its unregistered mark "Invisible Beauty Strap," for a vanishing liquid cream.

The record indicates no question as to priority of use, the opposer appearing to be the prior user herein. Therefore, the sole issue before us is whether concurrent use of the marks on the goods in question is likely to cause confusion or mistake or to deceive purchasers.

The Examiner found no confusing similarity between the two marks since, when "taken in their entireties, * * * the differences between 'Invisible Veil' and 'Invisible Beauty Strap' in sound, appearance and meaning are such that they may be contemporaneously used on the specified goods without reasonable likelihood of confusion or mistake or deception of purchasers." The commis-

sioner affirmed the examiner's decision, further taking judicial notice of the fact that cosmetic manufacturers feature their house marks on their products, and concluding that there was no likelihood of confusion of source since "purchasers are most likely to buy by house brand and to use the secondary mark to differentiate between the various products of a single producer."

 Although the advertisements of the two litigants feature their respective house marks in conjunction with the marks in issue, there is no evidence in the record to support the contention that purchasers of cosmetics identify the products by the house marks of the manufacturers, and there is no basis upon which this court can take judicial notice of this proposition. Moreover, we agree with appellant's statement that:

> "* * * applicant is seeking to register the notation Invisible Veil and not Ardena Invisible Veil. The issue therefore is not between the notations Ardena Invisible Veil and Frances Denney Invisible Beauty Strap, but rather between Invisible Veil and Invisible Beauty Strap."

In determining the applicant's right to registration, only the mark as set forth in the application may be considered; whether or not the mark is used with an associated house mark is not controlling. Bellbrook Dairies, Inc. v. Hawthorn-Mellody Farms Dairy, Inc., 253 F.2d 431, 45 C.C.P.A. 842; Hat Corp. of America v. John B. Stetson Co., 223 F.2d 485, 42 C.C.P.A. 1001. Therefore the likelihood of confusion must be determined by a comparison of the marks themselves.

The word "Invisible," when employed in relation to either the powder of the applicant or the vanishing cream of the opposer is suggestive of the desired reaction when the substances are applied to the skin, and the word would be descriptive of that reaction if it actually occurs. In neither situation is its use arbitrary. Insofar as "Veil" and "Beauty Strap" are concerned there is no similarity of sound, appearance or

meaning. The use of "Invisible" in conjunction with each of these terms does not make the phrases confusingly similar. Furthermore, even though both products come within the category of cosmetics, they are applied to the skin for entirely different purposes. The cumulative differences between the marks and the respective products herein lead to the conclusion that there is no likelihood of confusion of prospective purchasers.

Appellant has cited a number of cases in support of its contention that the marks in issue are confusingly similar. Unfortunately, the determination of the likelihood of confusion depends upon the facts in each case, and prior decisions are usually of little assistance in such determination because different marks and products are involved. In this instance, in considering both marks in their entireties, we are of the opinion that they are not confusingly similar either in sound, appearance or meaning. We therefore affirm the decision of the Commissioner.

Affirmed.