## THE WHIZ. THE JOE. DRACKETT et al. v. CRAM.

Circuit Court of Appeals, Fifth Circuit.
January 11, 1928.

No. 5048.

Salvage ☞48—Contention that power boat, as well as barge to which she was lashed, did not need the salvage services, held not justified by record.

Contention, overruled by trial court, that power boat lashed to the sides of a barge, together being operated in place of regular ferry, did not need and was not a beneficiary of the salvage service rendered when a squall was blowing them into a place of danger, on the theory that she could have cut loose from the barge and safely landed, *held* not justified by the record.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Libel for salvage by Louis Cram against the steam screw vessel Whiz and the barge Joe. From a decree for libelant, John R. Drackett, as claimant of the vessels, appeals. Affirmed.

John D. Grace, M. A. Grace, and Edwin H. Grace, all of New Orleans, La. (Walter T. Gilmore, of Morgan City, La., and John

D., M. A. & Edwin H. Grace, all of New Orleans, La., on the brief), for appellants.

C. S. Hebert, of New Orleans, La. (C. A. Blanchard, of Morgan City, La., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The appellee, owner of the gas screw vessel L. J., libeled the steam screw vessel Whiz and the barge Joe, to recover for alleged salvage services rendered to the two libeled vessels. The appeal is from a decree awarding to the appellee the sum of $300, which was apportioned, on the basis of the stipulated values of the libeled vessels, $182.91 against the Whiz, and $117.09 against the barge Joe—the stipulated value of the Whiz being $1,250, and that of the Joe $800.

At the time the alleged salvage services were rendered—about 5 o'clock in the afternoon of March 13, 1924—the Whiz and the Joe were under charter to the owner of a ferry for passengers and vehicles across a wide part of the Atchafalaya river, called Berwick Bay, between the towns of Morgan City and Berwick, La., and were being operated together in place of the regular ferryboat, which was laid up for repairs; the Whiz being lashed to the side of the barge Joe, which had no power. While the two were making a trip from Morgan City to Berwick, the barge having aboard about seven automobiles, the occupants thereof and other passengers, a total of about 25 or 30 passengers, a squall blew up, making the water rough, with the result that the Whiz, for lack of sufficient power, was unable so to handle herself and the barge as to withstand the wind and waves and keep headway, and the two vessels began to drift with the wind towards a nearby railroad bridge over the river, which was not high enough above the water to be clear of the Whiz and the barge with the automobiles thereon when passing under it.

Realizing the danger of collision with the bridge or one of its piers, the captain of the Whiz blew two distress signals of four blasts each, meanwhile transferring some of the passengers to the Whiz for safety. In response to those signals the appellee, with his small motorboat L. J., promptly came to the rescue. The additional power thus furnished was enough to hold the Whiz and the barge against the wind, thus preventing further drifting, until the arrival of a larger vessel, with the assistance of which the Whiz and the barge completed their trip and landed

safely at Berwick. Before help came, passengers on the barge realized the danger and were excited because of it.

The single assignment of error is to the effect that the court erred in decreeing any salvage against the Whiz, as she was at no time in any distress, and at any time could readily have cut loose from the barge and safely landed. The opinion rendered by the District Judge shows that the contention embodied in that assignment of error was made and overruled in the court below. On the question whether the Whiz, if separated from the barge, could or could not have saved herself, the evidence was conflicting. A phase of the testimony, given in the presence of the trial judge, tended to prove that without help she had no chance at all under the existing conditions. The record does not negative the conclusion that that testimony was more credible than that in conflict with it. The evidence as a whole falls far short of showing that, after the peril was disclosed, it was practicable for the Whiz to get away from the barge and save herself. It is not to be assumed that the passengers aboard the barge, who greatly outnumbered the crew of the Whiz and the barge, would not forcibly and successfully have resisted any attempt to set adrift the helpless barge, thereby greatly increasing the perils to which those aboard the barge were exposed. We are of opinion that the record does not justify the contention that the Whiz did not need and was not a beneficiary of the salvage service rendered by the appellee.

The decree is affirmed.