43 C.C.P.A.(Patents)

**INTERCONTINENTAL MFG. CO., Inc.,**
Appellant,

v.

**CONTINENTAL MOTORS CORPORA-
TION, Appellee.**

Patent Appeal No. 6182.

United States Court of Customs
and Patent Appeals.
Feb. 21, 1956.

Rehearing Denied March 29, 1956.

Robert B. Harmon, Washington, D. C., for appellant.

Barnes, Kisselle, Laughlin & Raisch, Detroit, Mich., and Hauke & Hardesty (John M. Kisselle, Detroit, Mich., of counsel), for appellee.

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, COLE and JACKSON, retired, Judges.

WORLEY, Judge.

This is an appeal from the decision of the Assistant Commissioner of Patents affirming the decision of the Examiner of Interferences sustaining two notices of opposition filed by appellee against appellant's applications for the registration of certain trade-marks. The two proceedings, disposed of by a single decision below, are Nos. 31,182 and 31,184, involving trade-mark applications Nos. 574,967 and 574,966, respectively. Application No. 574,967 relates to a mark comprising a large letter "C" surrounding the number "26," with the word "Intercontinental" superimposed on the letter. The mark involved in application No. 574,966 consists solely of the word "Intercontinental." The goods listed in each of the applications comprise various kinds of agricultural machinery, including tractors, and parts therefor.

The notices of opposition were based on appellee's allegation of prior use of the mark "Continental" on goods including internal combustion engines, and upon a number of registrations of that mark for such goods.

The Examiner of Interferences and the Assistant Commissioner held that the record clearly established use by appellee of the mark "Continental," as applied to internal combustion engines, long prior to any use by appellant of its marks. Those holdings are not disputed here by appellant.

The examiner noted that appellant's applications list goods including tractor parts, and that internal combustion engines commonly form parts of tractors. He therefore concluded that the goods of the respective parties must be considered "as being in part identical in kind," citing General Foods Corporation v. Casein Company of America, Inc., 108 F.2d 261, 27 C.C.P.A., Patents 797. The Assistant Commissioner stated that "It is common knowledge that tractors and motors therefor are sometimes made by a single manufacturer." Both tribunals held that appellant's marks so nearly resembled the mark "Continental" that concurrent use thereof by the parties on their respective goods would be likely to result in confusion.

■ Appellant argues at some length that the products of the parties are actually so different that confusion is impossible. However, we agree with the Examiner of Interferences that the decision must be based on the goods covered in appellant's applications, and since those goods overlap those of appellee, it must be considered that the goods of the respective parties are of the same descriptive properties.

Since there is no issue of priority between the parties, the question to be decided is whether the marks themselves are confusingly similar.

Appellee points out that its entire mark "Continental" is included in appellant's mark "Intercontinental," and argues that confusion is likely to result "when the subsequent user appropriates a registered mark in its entirety and adds an insignificant syllable thereto."

Clearly the marks involved are not coined or artificial words, but are words in common use. Both are primarily geographical in their significance but their geographical meanings are sharply distinguished, one referring to a single continent and the other to two or more continents. As applied to merchandise, we think they tend to suggest the scope of the actual or expected market. In that connection it is noted that

the testimony shows that appellant's goods are sold principally in Turkey, South Africa, Mexico, Argentina, Brazil, and other foreign countries.

■ Normally, the degree of similarity which is permissible between trademarks consisting of ordinary words, especially when such words are descriptive or geographical, is greater than that permissible between arbitrary or fanciful marks. Thus, in Nims, Unfair Competition and Trade-Marks, Third Edition, page 611, it is said that:

"Similarity which is based only on the use of descriptive words has been held not to be a ground for denying registration."

and on page 297 of the same work, the statement is made that:

"The primary right of all to use the geographical names must be considered in connection with the other right which each man has to be free from fraudulent competition."

The following statement to the same effect is found in Callmann, Unfair Competition and Trade-Marks, Second Edition, page 1503:

"The rule that coined or fanciful marks should be given a much broader degree of protection than words in common use is sound for it recognizes not only the orthodox basis of the law of trade-marks that the sale of goods of one manufacturer or vendor as those of another should be prevented, but also the fact that in modern business the trade-mark performs the added function of an advertising device whose value may be injured or destroyed unless protected by the courts."

■ The general principle to be applied in cases such as the present one is well expressed in the following statement by the commissioner which was quoted with approval by this court in United Drug Co., etc. v. Mercirex Co., 182 F.2d 222, 224, 37 C.C.P.A., Patents, 1063, where it was held that "Mercirex" and "Rex" were not confusingly similar:

"'It is true that the word "rex" which opposer uses as a valid and technical trade-mark does form one syllable of applicant's mark. It is not, however, set out separately or emphasized and, as presented by the drawing and specimens, would not, in my opinion, be recognized or connected with opposer's mark even by persons familiar with it. While a known mark cannot be appropriated and rights cannot be acquired by mere addition of words, syllables, or other features which leave the known mark recognizable as a prominent feature of the new mark, comparison of the marks does not give that impression in this case. In my opinion the inclusion of that syllable in applicant's mark cannot be considered an appropriation of opposer's mark.'"

In our opinion the instant mark "Intercontinental" would not be regarded merely as appellee's mark "Continental" with two syllables added, but as a new word having such a different meaning, sound, and appearance as to preclude the likelihood of confusion. We think that particularly true in view of the nature, use, and relative cost of the respective goods, all of which suggest the exercise of care and discrimination on the part of purchasers thereof.

While it is axiomatic that decisions in trade-mark cases are seldom rigid authorities, the following additional cases are noted in which marks were held not to be confusingly similar even though one of them was included in its entirety as a part of the other: Crown Overall Mfg. Co. v. Desmond's, 182 F.2d 645, 37 C.C.P.A., Patents, 1118 (Crown and Flexi-Crown); McGraw-Hill Publishing Co. v. American Aviation Associates, Inc., 73 App.D.C. 131, 117 F.2d 293 (Aviation and American Aviation); Wise v. Bristol Myers Inc., D.C., 107 F. Supp. 800 (Buff and Bufferin).

The case of Quaker State Oil Refining Co. v. Steinberg, 325 Pa. 273, 189 A. 473, 27 T.M.Rep. 146, is also in point. It was there held that "Quaker State" and

"Quaker City" were not confusingly similar, it being pointed out that the former mark would be understood as referring to Pennsylvania and the latter to Philadelphia. Similarly, in the present case, "Continental" and "Intercontinental" would be understood as referring to distinctly different geographical areas.

As was pointed out in Crown Overall Mfg. Co. v. Desmond's, supra, likelihood of confusion is largely a matter of opinion, to be determined on the merits of each individual case. In the present case, for the reasons above set forth, we are of the opinion that concurrent use by the parties of their respective marks "Continental" and "Intercontinental" would not be likely to result in confusion. We think that is likewise true with reference to appellant's other mark which includes a large letter "C," the number 26, and the word "Intercontinental."

In view of our conclusion, it is unnecessary to consider the contention of appellant that appellee is barred by laches from contesting the right of appellant to register those marks.

The decision of the Assistant Commissioner is reversed.

Reversed.

JACKSON, Judge, retired, recalled to participate.