46 CCPA

**LOS ANGELES SOAP COMPANY,**
Appellant,

v.

**LESTER LABORATORIES, LTD.,**
Appellee.

**Patent Appeal No. 6427.**

United States Court of Customs and Patent Appeals.

March 16, 1959.

Ellsworth M. Jennison, Washington, D. C., for appellant.

Richard G. Wynne and Emory N. Ellis, Jr., Washington, D. C., for appellee.

Before WORLEY, Acting Chief Judge, and RICH, MARTIN and JOHNSON, retired, Judges.

RICH, Judge.

This appeal is from the decision of the Commissioner of Patents affirming the dismissal of an opposition to the registration of a trademark consisting of the words "Karbon King," with a drawing of the head of a conventional playing card king appearing between the two words.

Applicant's goods are described in the amended application as "carbon removers, cleansing solvents and degreasing and engine sludge solvents." In the application as filed the description was "chemical solvent."

Both parties took testimony and introduced exhibits from which it appears that applicant's trademark is applied to a single product which is a mixture of liquids comprising chlorinated hydrocarbon solvents, penetrants and a water mixture of some kind which floats on top of the solvents to form a "seal layer." It is an industrial product sold, for example, to rebuilders of engines and machinery, railroads, shipyards, repair shops and airlines. It is used to remove grease, carbon deposits, engine "varnish" and paint from metal parts, especially used engine parts. It is sold direct to users in steel drums containing from 5 to 55 gallons.

Registration has been opposed by the registrant of the words "White King", displayed above an illustration of a playing card king in a circle, for soaps; [1] an illustration of a playing card King of Spades for washing machine soap; [2] an illustration of a playing card King of Clubs for soap; [3] and "White King Cocoa Almond", with an illustration of a playing card king in a circle, for soap.[4] The record also shows that opposer has advertised and sold its soaps, and other detergents, household cleansers and water softeners under the trademarks "White King" and illustrations of playing card kings throughout the United States.

The exhibits and testimony of the opposer make it clear that its "White King" and king design trademarks are all used on consumer products for household use in dishwashing, laundering and other common uses of household soap, detergent and water-softening products. They are sold through the usual channels of distribution and with the kind of

1. Reg.No.145,133, issued July 26, 1921, renewed.

2. Reg.No.152,864, issued Mar. 7, 1922, renewed.

3. Reg.No.110,051, issued May 2, 1916, renewed.

4. Reg.No.595,686, issued Sept. 21, 1954.

consumer advertising suitable to such products.

"Karbon King" is a dangerous product to use, blisters the skin, requires a special tank in which the parts to be cleaned can be dipped and is not even available for purchase by the do-it-yourself crowd. Technical salesmen solicit the orders from users after making demonstrations.

We believe the Commissioner's opinion accurately summarized the situation in saying:

> "It is apparent from the foregoing that the marks are not the same, the products are not the same, the trade channels are not the same, and the average purchasers are not the same. Under such circumstances, there * * * is no likelihood of confusion * * *."

Appellant argues that the "broad terms" in which applicant has chosen to describe its goods are broad enough to embrace opposer's goods so that the "products of the parties overlap in terms." We do not agree. When the instant description of goods is read in the light of the record it is clear that the goods are solvents in the technical chemical sense. Soaps are not solvents or even "cleansing solvents" in this sense and we see no overlap. The case of Intercontinental Mfg. Co. v. Continental Motors Corp., 230 F.2d 621, 43 CCPA 841, is not pertinent. It was there found that a listing of "tractor parts" was inclusive of internal combustion engines which commonly form parts of tractors. That is no precedent for a holding that cleansing, degreasing and engine sludge solvents includes soap or household detergents or water-softeners. Neither does "carbon removers" in the context of this case, and when explained, include soap merely because one can wash off soot, a form of carbon, with soap.

We conclude that though opposer's "White King" and playing card king designs may be very well known and even *known* to those who might buy "Karbon King" for industrial engine parts cleaning, "Karbon King" does not so resemble "White King," "as to be likely, *when applied to the goods of the applicant*, to cause confusion or mistake or to deceive purchasers." Arguments predicated on the possibility that marketing practices might be changed at any time are not persuasive where they are dictated by the nature of the goods and hence cannot be changed arbitrarily. The opposition was therefore properly dismissed.

The decision of the Commissioner is affirmed.

Affirmed.