## CLEVELAND–DETROIT COR-PORATION
### v.
## CAMCO (MACHINERY) LIMITED.
### No. 6541.

United States Court of Customs
and Patent Appeals.
May 3, 1960.

Ely, Pearne & Gordon, Cleveland, Ohio (Albert L. Ely, Jr., Cleveland, Ohio, of counsel), for appellant.

Wenderoth, Lind & Ponack, Washington, D. C. (E. F. Wenderoth, Washington, D. C., of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, and MARTIN, Associate Judges.

WORLEY, Chief Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board of the United States Patent Office dismissing appellant's opposition to appellee's application for registration of "Camco" as a trademark for "Printing machinery, paper folding machinery, baling machinery, letter-press machinery, paper cutting and perforating machinery, paper wrappering machinery and book-binding machinery." The opposition is based on opposer's ownership, prior use and registration of "Clamco" as a trademark for "packaging equipment, fixtures, and supplies—namely, heat sealers and parts and cleaners therefor; packaging tables, counters and hot plates; package closure and marking supplies and fixtures therefor; package filling equipment," registration No. 639,-004, Dec. 25, 1956.

Appellant has moved to correct the record by striking those pages which comprise a copy of appellee's application. The basis of the motion is Trade-Mark Rule 2.126, 15 U.S.C.A.Appendix, which provides that the allegation of dates of use in an application for registration cannot be used as evidence in behalf of the applicant. That rule is not in point

here since the applicant (appellee) does not seek to rely on such allegations. The pertinent Trade-Mark Rule here is Rule 2.122 which provides that the file of an application against which a notice of opposition is filed forms "part of the record of the proceeding without any action by the parties, and may be referred to for any relevant and competent purpose." In view of that provision, appellee's application is a proper part of the record here. Indeed, since the opposition proceeding was directed against appellee's application, it is difficult to see how that proceeding could be reviewed here if the application were stricken from the record. Appellant's motion to correct the record is denied.

■ Appellant's priority is not disputed. The marks "Clamco" and "Camco" are obviously quite similar. The board held, however, that the differences between the goods of the parties were such that concurrent use of their respective marks thereon would not be likely to result in confusion of purchasers within the meaning of Section 2(d) of the Lanham Act, 15 U.S.C.A. § 1052(d).

Appellant's registration covers packaging equipment including "heat sealers" and, therefore, is evidently directed to packaging with heat-sealable material; the record shows that appellant manufactures equipment of that type.

Appellee's application covers "paper wrappering machinery." Funk and Wagnall's Dictionary defines the verb "wrapper" as meaning "To furnish with a wrapper," while the definition given by Webster is "To provide with a wrapper." On the basis of those definitions it would appear that "paper wrappering machinery" includes machinery for providing articles with paper wrappers, or in other words, packaging them in paper. That the application contemplates such a meaning is confirmed by appellee's admission in its answer to the notice of opposition that "it is using its mark Camco

for wrappering and packaging machinery." Therefore, on the basis of the statements in appellant's registration and appellee's application it appears that the two cover closely related goods which might well be expected to emanate from the same source.

The board found that the record contains no explanation as to the meaning of "paper wrappering machinery," and apparently placed the burden of showing what was meant by that term on appellant. However, since the term was first used by appellee, who has advanced no evidence as to its meaning, it would seem proper to give it the dictionary interpretation which, as above noted, includes packaging machinery. We are unable to agree with the board that because appellee's application includes several types of machinery in the field of printing and binding, its "paper wrappering material" should be construed as limited to those fields. This is especially true in view of appellee's admission, above referred to, that it is using its mark on packaging machinery.

The board also seems to have given weight to the fact that much of the equipment sold by appellant is of a relatively small hand-operated type. However, that is not controlling since neither the application nor the registration is in any way limited to the size or manner of operation of the machinery. See Intercontinental Mfg. Co., Inc. v. Continental Motors Corp., 230 F.2d 621, 43 CCPA 841, and General Shoe Corp. v. Lerner Bros. Mfg. Co., Inc., 254 F.2d 154, 45 CCPA 872.

In our opinion at least some of the goods of the parties are so similar that concurrent use by the parties of their respective marks would be likely to result in confusion within the meaning of Section 2(d) of the Lanham Act.

The decision is reversed.

Reversed.