59 CCPA

### Application of CLAIROL INCORPORATED.

### Patent Appeal No. 8625.

United States Court of Customs and Patent Appeals.

April 6, 1972.

Weil, Lee & Bergin, New York City, attorneys of record, for appellant. Alfred T. Lee, David J. Kera, New York City, of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Fred W. Sherling, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges.

BALDWIN, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board sustaining a refusal to register the mark SWEDISH CRYSTAL for a hair tinting, dyeing and coloring preparation. The board's opinion appears at 161 USPQ 500 (1969). Familiarity with that opinion is assumed.

The basis for the refusal to register was that the mark was not used as a means for distinguishing the goods of others, but only as a color designation to identify the color "light muted ash." The specimen reproduced in the board's opinion shows a typical use of the mark, judging from the numerous other specimens of labels, advertisements, etc., submitted as exhibits by appellant. In all those exhibits, the mark appears in combination with the number "411" and the words "Light Muted Ash."

We agree with the dissenting opinion of board member Leach, reproduced here for convenience:

> "SWEDISH CRYSTAL" is a coined and completely arbitrary term which does not in itself have a connotation of color, and it is applied in the manner of a trademark to the containers for applicant's product. Such being the case, there is no reason to suppose that it does not serve to identify and distinguish applicant's goods from similar goods of others; and the fact that it may also serve to distinguish a

particular hair coloring preparation of applicant from others of its manufacture does not make it any less a trademark.

I would therefore reverse the Examiner of Trademark [sic].

The majority of the board apparently considered that the fact that SWEDISH CRYSTAL was always used in conjunction with "Light Muted Ash" indicated that appellant merely intended to make the two terms synonymous, and we agree that *some* such intent is evident from the record. However, the inquiry cannot stop there, for a mark may be used for both a trademark purpose and a non-trademark purpose and still be a valid trademark. Kiekhaefer Corp. v. Willys-Overland Motors, Inc., 43 CCPA 1013, 236 F.2d 423 (1956). We are of the opinion that the facts in this case—including the manner in which the mark is used, the fact that it is always used in addition to a shade designation and the arbitrariness of the mark—evidence a clear intent to use the mark to indicate the source of the goods. The cases cited by the board are not controlling on these facts. The arbitrariness of the mark further tends to establish that the ordinary purchaser would consider that the mark indicates origin. The mark is therefore suitable for registration and the decision of the board must be reversed.

Reversed.