KRANK v. PHILIPPE.

(Court of Appeals of District of Columbia. Submitted November 19, 1923. Decided February 5, 1924. Petition for Rehearing Denied March 1, 1924.)

No. 1592.

1. Trade-marks and trade-names and unfair competition ☞45½, New, vol. 7A Key-No. Series—Facts held to disclose that applicant for cancellation of registered mark had sufficient interest.

The facts that at and before the date of registration applicant for cancellation of the registered mark "Krank's Lemon Cleansing Cream" was rightfully engaged in marketing a cleansing cream with lemon ingredients, the word "lemon" was used upon his labels as part of the description of his article, and his cream frequently passed in the retail trade under the name of "lemon cleansing cream," *held* to disclose an interest in the subject-matter sufficient to serve as a basis for his proceeding, though he had no exclusive right to the use of the word "lemon" on his label.

2. Trade-marks and trade-names and unfair competition ☞45½, New, vol. 7A Key-No. Series—Cancellation of mark "Krank's Lemon Cleansing Cream" held proper.

The cancellation of the mark "Krank's Lemon Cleansing Cream," with the words "Cleansing Cream" disclaimed, *held* proper, as the terms composing the mark were merely descriptive, and hence were not subject to exclusive appropriation.

3. Trade-marks and trade-names and unfair competition ☞18—Mark "Krank's Lemon Cleansing Cream" held not sufficiently distinctive to be given effect as symbol.

The words "Krank's Lemon Cleansing Cream," somewhat ornamentally printed and arranged in block according to a certain relative order, *held* not of such a composite design as to constitute a descriptive display, which should be given effect as an entirety like a symbol.

Application for cancellation of a registered mark by Louis Philippe, opposed by Alfred J. Krank. From a decree canceling the mark, opposer appeals. Affirmed.

Melville Church and Henry H. Snelling, both of Washington, D. C., for appellant.

Henry M. Wise, of New York City, for appellee.

Argued before SMYTH, Chief Justice, ROBB, Justice, and MARTIN, Presiding Judge, United States Court of Customs Appeals.

MARTIN, Acting Associate Justice. This is an appeal from a decision of the Commissioner of Patents canceling the registration of a trade-mark. The mark in question consists of the words "Krank's Lemon Cleansing Cream," the last two words of which were disclaimed by the registrant. The words are compactly arranged in a well-proportioned design, with the word "Lemon" in large type in

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the center, having the word "Krank's" in smaller type above it, and the words "Cleansing Cream," within a broad flourish, underneath it. In this combination the word "Lemon" is clearly printed, and is the conspicuous and dominating term. The mark was registered on November 9, 1920, upon the application of Alfred J. Krank, now the appellant, and was canceled upon an application filed for that purpose on November 20, 1920, by Louis Philippe, the appellee.

It appears from the testimony that as early as 1912 Krank manufactured a face-cleansing cream containing as an ingredient either lemon juice or oil of lemon, and that he has continued to make and vend it from that time to this. He gave it the name of "Krank's Lemon Cleansing Cream," and until January 18, 1918, he used a label for his packages with those words plainly typewritten upon it. On that day, however, he adopted the present design, with the words grouped together as already described. The goods are put up in ordinary retail containers, and have had a large sale in drug stores and at the counters of department stores throughout the country. The article is well known to the public by its trade-mark name, and is also frequently called for by customers simply as lemon face cream or lemon cleansing cream.

On the other hand, Philippe. the appellee, was engaged in the business of manufacturing and selling a face-cleansing cream with lemon oil as an ingredient before the year 1916. His product bore the tradename of "Angelus Creme," but in that year he commenced to use upon the label the word "Lemon" as part of a description of the article. The business has been continued by him without intermission from that year to the present time, and has greatly increased in volume. This cream, like the other, is put up in ordinary retail packages, and is sold by the same class of stores throughout the country. It is known to the public by its trade-name, but is also frequently called for by purchasers under the simple name of lemon face cream or lemon cleansing cream.

Upon this state of facts Philippe filed an application for the cancellation of the registration in question. The application was denied and dismissed by the Acting Examiner of Interferences, upon the ground that the registration in question was not prima facie evidence of an exclusive right to the use of the word "Lemon" by the registrant, and consequently that the petitioner had failed to establish legal damage, and therefore had no right at present to demand a cancellation of the mark. Upon appeal, however, the Commissioner of Patents sustained the application, and accordingly canceled the registration.

We think the Commissioner's decision was correct, and we answer the appellant's arguments as follows:

[1] 1. Under the circumstances above stated, Philippe had a legal right to describe himself as one injured by the registration of the trade-mark; he was therefore entitled to maintain an application for its cancellation. This follows from the fact that at and before the date of the registration he was rightfully engaged in marketing his product as a cleansing cream with lemon ingredients, that the word "lemon" was used upon his labels as part of the description of the

article, and that the cream frequently passed in the retail trade under the name of lemon cleansing cream. That fact discloses an interest in the subject-matter sufficient to serve as a basis for his proceeding, even though he had no exclusive trade-mark right to the use of the word "lemon" upon his label. Natural Food Co., v. Williams, 30 App. D. C. 348, 350; Johns-Manville Co., v. American Steam Packing Co., 33 App. D. C. 224, 226; Electro Steel Co. v. Lindenberg Steel Co., 43 App. D. C. 270.

2. Concerning the charge of "unclean hands," which was urged against the appellee by the registrant, we sustain the ruling of the Commissioner, and hold that the charge was not established by the evidence.

[2] 3. The cancellation was proper, because the terms composing the trade-mark were descriptive only, and as such were incapable of exclusive appropriation. The registrant disclaimed the words "cleansing cream" upon that ground, but the word "lemon" as thus applied was subject to the same objection. The descriptive words in question were not subject, either separately or in combination, to .be registered as a trade-mark for the present article.

[3] 4. The design in which the words were arranged was not printed in a particular, or distinctive manner, so as to possess a composite individuality apart from the ordinary signification of the words themselves. It is true that the print is attractive and somewhat ornamental, and that the terms are arranged in block according to a certain relative order; but after all they merely present the words "Krank's Lemon Cleansing Cream" to the eye and mind of a reader, so as to describe the qualities, ingredients, and characteristics of the article. The arrangement adopted for the words does not constitute a symbol. It includes no drawing of any kind, nor any arbitrary or artificial figure or design. The words are printed in clear and not unusual letters, and are plainly legible, and the collocation possesses no character apart from the ordinary signification of the words composing it. These facts defeat the contention of the registrant that the composite design constitutes a distinctive display, which should be given effect as an entirety like a symbol, apart from the sense of the words when considered alone.

The decision of the Commissioner is affirmed.