34 C.C.P.A.(Patents)

## CALIFORNIA PIECE DYE WORKS v. CALIFORNIA HAND PRINTS, Inc.

### Patent Appeal No. 5254.

Court of Customs and Patent Appeals.

Feb. 11, 1947.

Irving Seidman, of New York City (Samuel Hassen, of New York City, of counsel), for appellant.

Jackson, Webster & Read, of Washington, D. C., and Wm. G. MacKay, of Washington D. C. (Chas. R. Allen, of Washington D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents, 65 U.S.P.Q. 436, affirming the action of the Examiner of Trade-Mark Interferences in sustaining appellee's petition for the cancellation of appellant's trade-mark "Color-fornia" on the ground that the mark is confusingly similar

to "California Hand Prints" used as a trade-mark by appellee for table cloths, luncheon sets, towels, drapery and upholstery fabrics in the piece.

It is not disputed that the goods to which the respective trade-marks are applied are identical in part and all of the same descriptive properties.

Appellee in its petition for cancellation alleged prior and continuous use of its trade-mark from a date commencing prior to appellant's earliest date from which it began the use of its mark to appellee's date of filing the petition for cancellation on May 27, 1943; and that the confusing similarity of appellant's mark to that of appellee and the concurrent use of appellant's mark on goods of the same descriptive properties was likely to cause distinct injury and damage to appellee.

Appellee's mark was registered under the Trade-Mark Act of March 19, 1920, 15 U.S. C.A. § 121 et seq. Appellee applied for cancellation of appellant's mark under the Trade-Mark Act of February 20, 1905, as provided for by sections 5(b) and 13, U.S. C., title 15, sections 85(b) and 93, respectively, 15 U.S.C.A. §§ 85(b), 93.

█ Appellee has the burden of proof in establishing the respective allegations of its petition for cancellation.

█ Appellee took testimony in support of its petition and introduced in evidence documentary and physical exhibits relating to the use and advertising of its mark. The evidence thus submitted is to the effect that appellee is the owner of trade-mark registration No. 349,429 dated August 24, 1937, covering the mark "California Hand Prints" for the class of goods here involved; that the mark had been continuously used by appellee on such goods since August 1936; that the mark has also been used on tickets, stickers, labels, and boxes, as well as widely featured in various types of advertising matter such as folders, magazines, and display cards; that the mark is likewise used by appellee in the sale of its goods in foreign countries; and that its mark has been distinctively featured and associated by appellee with the word "colorful" which has become the basis of the demand for the product in the United States. The evidence further established actual confusion in the trade as a result of the concurrent use of the contested marks by the respective parties in the sale of the goods.

The testimony and exhibits submitted by appellant established that appellant first began the use of its mark in interstate commerce on December 2, 1940; that the mark "Color-fornia" was registered April 28, 1942, on an application filed October 21, 1941; that appellant used labels, stickers, and other advertising mediums generally similar to those employed by appellee in promoting the sale and identification of the goods; and that the goods of appellant are sold on an extensive scale in California and in other states.

Appellant contends, among other things, that the marks are not so nearly alike in both appearance and sound that confusion in trade is likely; that appellee failed to establish by a proper showing in the record continuous use of its trade-mark from a date commencing prior to appellant's earliest use of its mark to the date of filing the petition for cancellation; and that appellee failed to establish that appellant's trade-mark "Color-fornia" is geographic thereby interfering with any established right of appellee to use the geographic term "California" in its business.

The record clearly discloses that the two marks here involved are substantially the same in sound and appearance; that they are and have been used concurrently by the respective parties on goods of the same descriptive properties thereby causing, and, if such use is continued, will likely cause further confusion in the mind of the public; and that appellant's use of its mark is manifestly injurious to appellee which owned and has continuously used its mark from a date prior to appellant's date from which it began the use of its mark to the date of filing the petition for cancellation.

██ The fact that appellee's mark is geographic and descriptive is not controlling herein since appellee's right under the statute to apply for cancellation of appellant's mark is not dependent upon appellee's exclusive ownership of a similar mark, but rather that appellee shall deem itself in-

jured by the registration of appellant's mark. See Vi-Jon Laboratories, Inc., v. Lentheric, Incorporated, 133 F.2d 947, 30 C.C.P.A.,Patents, 916. Irrespective of registration, appellee because of the prior use of its labels on its goods and of its advertising material is likewise entitled to prevail. See Otard, Inc., et al. v. Italian Swiss Colony, 141 F.2d 706, 31 C.C.P.A., Patents 955.

The court has examined all the cases and arguments presented by appellant and finds therein no reason or authority that is persuasive in support of its position.

The decision of the Commissioner of Patents is accordingly affirmed.

Affirmed.