47 CCPA

**CLAIROL, INCORPORATED**

v.

**ROUX DISTRIBUTING CO., Inc.**

Patent Appeal No. 6498.

United States Court of Customs and Patent Appeals.
July 13, 1960.

David J. Moscovitz, Harold H. Levin, New York City, Marvin E. Frankel, New York City (Marvin E. Frankel, New York City, of counsel), for appellant.

Munn, Liddy, Daniels & March, Joe E. Daniels, New York City (Sylvester J. Liddy, New York City, of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPAT-RICK.[1]

SMITH, Judge.

The Assistant Commissioner (118 U. S.P.Q. 378) reversed the decision of the Examiner of Interferences and held that Registration No. 565,410 of the mark "Hair Color Bath" for "Hair tinting and coloring preparations" granted to appellant on the Supplemental Register should be cancelled.

Appellee's petition for cancellation was filed under section 24 of the Trademark Act of 1946, 15 U.S.C.A. § 1092, and alleges that the mark "Hair Color Bath" is descriptive of the goods and was not used as a trademark at the time the registration was secured. Section 24 gives any person who "believes that he is or will be damaged by the registration of a mark on this [supplemental] register," the right to apply to the Commissioner to cancel such registration.

Section 23 of the Trademark Act of 1946, 15 U.S.C.A. § 1091, permits registration of "all marks capable of distinguishing applicant's goods." The issue is whether "Hair Color Bath" is such a mark.

▆ The generic name by which a product is known is not a mark which can be registered on the Supplemental Register under section 23 because such a name is incapable of distinguishing applicant's goods from goods of the same name manufactured or sold by others.

▆ The record herein establishes the following facts which show that "Hair Color Bath" is the generic name of, rather than a trademark for, the goods on which it is used.

1) "Color Bath" was used by appellee as early as April 1948 as a generic name for a color bath for hair.

2) Appellant, nearly two years later, beginning March 1, 1950, took the generic term "Color bath" and added the word "hair" to it. The product was sold as "Miss Clairol" hair color bath.

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of* *Judge O'CONNELL*, pursuant to provisions of Section 294(d), Title 28, United States Code.

3) The label filed in support of appellant's application for registration contains the following:

"Miss Clairol [R]

A quick, youthful
Hair Color Bath."

4) Appellant's advertising for its *"Miss Clairol* hair color bath" contains the statement *"Miss Clairol* is a hair color bath that colors your hair beautifully, lastingly! In just 5 to 20 minutes your beautician bathes glorious lasting *Miss Clairol* color through your hair— without even the need of first bleaching and shampooing."

The exhibits and testimony convince us that the only significance of "hair color bath" to the consuming public is that these words are the generic name for the product and that as such they do not indicate the source or origin of the goods.

The record shows that "hair color bath" tells the potential purchasers *only* what the goods are, what their function is, what their characteristics are and what their use is. Even though "color bath" may have been a novel way of describing a liquid for coloring hair, the words were, as used by appellee, nevertheless descriptive of its hair coloring liquid at the time when appellant, to more fully describe the goods, added the common word "hair" thereto. The resultant expression is nothing but the normal use of the English language. The same merchandise may, and often does, have more than one generic name.

Upon the facts of record, it is our opinion that the words "Hair Color Bath" constitute a generic name, were not used as a trademark at the time they were registered, and hence the registration under section 23 was improper and should be cancelled.

The decision of the Assistant Commissioner is affirmed.

Affirmed.

MARTIN, Judge with whom KIRKPATRICK, Judge, joins (concurring).

I do not believe that "Hair Color Bath" has been used as a trademark to identify appellant's product, but rather it has been used solely for the purpose of describing the function of this particular product. For this reason I agree with the result reached by the majority.