**BLANCHARD IMPORTING & DISTRIBUTING CO., Inc., Plaintiff, Appellant,**

v.

**CHARLES GILMAN & SON, INC., et al., Defendants, Appellees.**

No. 6573.

United States Court of Appeals First Circuit.

Dec. 16, 1965.

Harold E. Cole, Boston, for appellant.

Edward F. Levy, New York City, with whom William H. Taylor, Jr., Boston, was on brief, for appellees.

Before ALDRICH, Chief Judge, HAMLIN, Senior Circuit Judge,* and McENTEE, Circuit Judge.

McENTEE, Circuit Judge.

This is an appeal from a decree of the district court ordering the cancellation of three federal trademark registrations owned by the plaintiff, Blanchard Importing & Distributing Co., Inc. The trademark registrations in issue are: BLANCHARD'S 777 for blended whiskey (No. 734,309), BLANCHARD'S 874 for blended whiskey (No. 738,341), and BLANCHARD'S HAWAIIAN CRUISE & design for vodka (No. 740,323). The plaintiffs, both Massachusetts corporations, are Blanchard & Co., Inc., a retail liquor dealer, and Blanchard Importing & Distributing Co., Inc., an importer and wholesaler of alcoholic beverages. The defendants are Charles Gilman & Son, Inc., a Massachusetts liquor distributor; Societe E. Blanchard et Fils, a French corporation engaged in the production, bottling and distribution of wines; and Monsieur Henri Wines, Ltd., of New York, the exclusive importer in the United States of the wines bottled by Societe E. Blanchard et Fils.

Plaintiffs sought recovery under the Lanham Act, 15 U.S.C. § 1051 et seq. for infringement of these three trademark registrations and also for common law

* Sitting by designation.

unfair competition. The complaint alleges that the defendants in selling alcoholic liquors under the mark and business name "BLANCHARD," using such designations as "DOMAINE BLANCHARD" and "E. BLANCHARD" infringed said registered trademarks. The defendants denied this and counterclaimed seeking a declaratory judgment that plaintiff's said trademark registrations are invalid and void, and should be cancelled. The basis for this counterclaim is that the defendants used the trade name "Blanchard" long prior to plaintiff's use of said trade name.

The district court enjoined the defendants from further use of the name or trademark "BLANCHARD" on wines in Massachusetts but ordered cancellation of the three trademark registrations in question. Only the plaintiff, Blanchard Importing & Distributing Co., Inc., appealed and its appeal is limited to that portion of the decree ordering cancellation of its three registrations.

It is not clear from the record when Blanchard & Co. first used the name "Blanchard" on its labels. There is testimony of such use in 1938 or 1939. However, there is no evidence in the record of any earlier use of that name on its labels by Blanchard & Co. The first use by Blanchard Importing was in 1961.

The defendants introduced evidence of their prior use of the marks in question to the effect that Societe Blanchard shipped wine bearing the label "E. Blanchard et Fils" to this country in 1933 and that further shipments bearing this label were made in January, 1934 and in 1935, 1936 and 1937.

The district court in ordering cancellation, based its decision on the ground that said registrations "have not become distinctive of said plaintiff's goods in interstate commerce," citing in its opinion

the section of the Lanham Act prohibiting registration of marks which are primarily surnames.[1]

■ We shall not concern ourselves here with the question of whether plaintiff's trademarks consist of a mark which is primarily a surname. Rather, we prefer to sustain the order cancelling the trademark registrations on the ground that defendants' prior use of the term "BLANCHARD" rendered these registrations invalid.

■■ As between conflicting claimants, it is well settled that the right to use the same mark is based on priority of appropriation. Columbia Mill Co. v. Alcorn, 150 U.S. 460, 14 S.Ct. 151, 37 L. Ed. 1144 (1893); American Foods, Inc. v. Golden Flake, Inc., 312 F.2d 619, 625 (5th Cir. 1963), and that prior use of a trademark is a valid ground for cancellation. California Piece Dye Works v. California Hand Prints, 159 F.2d 871 (C.C.P.A.1947).

From the record, it appears that the defendants used the label "Blanchard" in commerce prior to plaintiff's use. However, the district court in declining to base its order of cancellation on prior use, found that the defendants did not use this label as a *technical trademark*.

■ There is ample authority for the proposition that the right to cancellation is not limited to those who have made prior use of the term as a technical trademark. Any prior use of a name or word is sufficient to warrant cancellation on the ground that the prior user is injured by such registration. California Piece Dye Works v. California Hand Prints, supra; Bellbrook Dairies v. Hawthorn-Mellody Farms Dairy, 253 F.2d 431, 45 C.C.P.A. 842 (1958); Krank v. Philippe, 54 App.D.C. 180, 295 F. 1001 (1924); Lever Bros. Co. v. Nobio Prod-

1. 15 U.S.C. § 1052 provides in part:
"No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—(e) Consists of a mark which, * * * (3) is primarily merely a surname.

"(f) * * * nothing in this chapter shall prevent the registration of a mark used by the applicant which has become distinctive of the applicant's goods in commerce."

ucts, 103 F.2d 917, 26 C.C.P.A. 1253 (1939); Bellbrook Dairies, Inc. v. Bowman Dairy Company, 273 F.2d 620, 623 (C.C.P.A. 1960).

From an examination of the entire record, we conclude that the plaintiff's three trademark registrations are invalid and the decree ordering the cancellation thereof is hereby affirmed on the ground stated herein.

Affirmed.