56 CCPA

**BLANCHARD IMPORTING & DISTRIB-
UTING CO., Inc., Appellant,**

v.

**SOCIETE E. BLANCHARD et FILS,
Appellee.**

**Patent Appeal No. 8009.**

United States Court of Customs
and Patent Appeals.

Nov. 14, 1968.

Harold E. Cole, Boston, Mass., for appellant.

Edward F. Levy, New York City, for appellee.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND, and BALD-WIN, Judges.

ALMOND, Judge.

This is an appeal by registrant-respondent Blanchard Importing & Distributing Co., Inc. from a decision of the Trademark Trial and Appeal board granting the motion for summary judgment of cancellation filed by petitioner Societe E. Blanchard et Fils.

The facts of record are as follows: Appellee-petitioner filed a petition to cancel appellant-respondent's Supplemental Register registration[1] of "BLANCHARD" for wines and champagne. The petition for cancellation, filed September 22, 1964, alleged, inter alia, as grounds for cancellation that appellee through its predecessor has been a producer and bottler of wines in France since the year 1918 and has since that time sold its products under the designation BLANCHARD alone and under such other designations as "EMILE BLANCHARD," "E. BLANCHARD ET FILS," and "DOMAINE BLANCHARD"; that appellee has sold its wines under the aforesaid designations in interstate commerce in the United States and in foreign commerce with the United States since 1933 through its predecessor-in-interest and since 1957 in its own name; that appellee is the prior user of the term BLANCHARD as applied to wines; that appellee's appli-

---

1. Reg. No. 748,258 issued April 16, 1963.

cation to register the marks DOMAINE BLANCHARD and E. BLANCHARD ET FILS on the Principal Register was refused in view of appellant's registration; that in view of the foregoing and the fact that the marks of the parties as applied to the goods are confusingly similar, appellee is damaged by the continued existence of appellant's registration. After testimony taken by both parties, appellant requested and obtained from the board a stay, postponing the filing of its brief until the final outcome of a civil action between the parties instituted prior to the issuance of the registration here involved. Shortly after the decision in the civil action became final, appellee filed a motion for summary judgment based on the contention that all of the facts and issues involved in the cancellation proceeding were finally adjudicated and determined in the civil action between the parties.

The civil action between the parties came before the United States District Court for the District of Massachusetts. Appellant, as plaintiff, sought recovery for infringement of three Principal Register registrations owned by it covering the marks BLANCHARD'S 777 for blended whiskey,[2] BLANCHARD'S 874 for blended whiskey,[3] and BLANCHARD'S HAWAIIAN CRUISE for vodka mix.[4] Appellee counterclaimed for cancellation of the three registrations, asserting that it was the prior user of the term BLANCHARD.

The district court found that the evidence did not establish any use of the name BLANCHARD by E. Blanchard et Fils as a trademark prior to Blanchard Importing & Distributing Co.'s first use in commerce of the word BLANCHARD, and enjoined E. Blanchard et Fils from further use of labels bearing that name alone within the State of Massachusetts. The court, however, ordered the appellant's three registrations canceled on the ground that the marks thereof were primarily surnames. Blanchard & Co. v. Charles Gilman & Son, D.C., 239 F.Supp. 827.

Blanchard Importing & Distributing Co. appealed from the district court decision ordering cancellation of its three registrations. The United States Court of Appeals for the First Circuit affirmed the district court order, but upon different grounds. The court first held that Societe E. Blanchard et Fils established priority by its use in interstate commerce of the trademark DOMAINE BLANCHARD prior to the appellant's first use of the mark in commerce. The appellant petitioned for reconsideration on the ground that prior use of any kind is the controlling factor with regard to right of registration and that the appellant was the first to use BLANCHARD intrastate and before it was used by Societe E. Blanchard anywhere as a trademark. In response, the Court of Appeals handed down a revised opinion sustaining the order canceling the trademark registration on the ground that Societe E. Blanchard's prior use of the term BLANCHARD rendered the registrations invalid. Blanchard Importing & Distributing Co. v. Charles Gilman & Son, Inc., 1 Cir., 353 F.2d 400. Appellant's petition to the Supreme Court for a writ of certiorari was denied (383 U.S. 968, 86 S.Ct. 1273, 16 L.Ed.2d 308).

The Trademark Trial and Appeal Board, in granting appellee's motion for summary judgment, stated:

> Petitioner has predicated its claim of damage on an assertion of likelihood of confusion and priority of use, and such averments apply equally as a basis for the cancellation of a registration on the Supplemental Register as on the Principal Register. In respect to these questions, attention is directed to the revised opinion of the United States Court of Appeals of the

2. Reg. No. 734,309 issued July 10, 1962, canceled.

3. Reg. No. 738,341 issued September 25, 1962, canceled.

4. Reg. No. 740,323 issued November 6, 1962, canceled.

First Circuit wherein the court held as follows:

"We shall not concern ourselves here with the question of whether plaintiff's trademarks consist of a mark which is primarily a surname. Rather, we prefer to sustain the order cancelling the trademark registrations on the ground that defendants' prior use of the term 'BLANCHARD' rendered these registrations invalid.

As between conflicting claimants, it is well settled that the right to use the same mark is based on priority of appropriation. Columbia Mill Co. v. Alcorn, 150 U.S. 460 [14 S.Ct. 151, 37 L.Ed. 1144] (1893); American Foods, Inc. v. Golden Flake, Inc., 312 F.2d 619, 625 (5th Cir. 1963), and that prior use of a trademark is a valid ground for cancellation. California Piece Dye Works v. California Hand Prints, 159 F.2d 871 (C.C.P.A. 1947).

From the record, it appears that the defendants used the label 'Blanchard' in commerce prior to plaintiff's use. However, the district court in declining to base its order of cancellation on prior use, found that the defendants did not use this label as a technical trademark.

There is ample authority for the proposition that the right to cancellation is not limited to those who have made prior use of the term as a technical trademark. Any prior use of a name or word is sufficient to warrant cancellation on the ground that the prior user is injured by such registration. California Piece [Dye] Works v. California Hand Prints, supra; Bellbrook Dairies v. Hawthorn-Mellody Farms Dairy, 253 F.2d 431 (C.C. P.A.1958); Krank v. Philippe, 295 F. 1001 (D.C.Cir. 1924); Lever Bros. Co. v. Nobio Products, 103 F.2d 917 (C.C.P.A.1939); Bellbrook Dairies v. Bowman Dairy Co., 273 F.2d 620, 623 (C.C.P.A.1960)."

It is abundantly clear from the foregoing that the issues of likelihood of confusion and priority of use were finally determined in the civil action involving the parties and are in all respects controlling in the instant proceeding. That is to say, if respondent could not maintain its registrations on the Principal Register, all three of which issued prior to the issuance of the one on the Supplemental Register, respondent cannot, in view of the express language of the court, maintain the supplement registration.

Appellant's petition for reconsideration was denied and an appeal to this court was taken.

■ We are governed here by rule 56 of the Federal Rules of Civil Procedure (see Rule 2.117, Trademark Rules of Practice), which provides, in pertinent part, as follows:

Rule 56. Summary Judgment.

\*　　\*　　\*　　\*　　\*　　\*

(c) Motion and Proceedings Thereon.

\* \* \* [Summary judgment] shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

\* \* \*

That summary judgment may be appropriate in trademark matters was recognized by this court in Old Grantian Company Limited v. William Grant & Sons Limited, 361 F.2d 1018, 53 CCPA 1257.

Appellant sets forth several reasons for its contention that the board erred in granting appellee's motion. We disagree with appellant that the motion for summary judgment was untimely and that the board should have decided the case on the merits. The appellee promptly filed its motion eight days after the Supreme Court denied appellant's petition for certiorari, thus making the Court of Appeals decision final. We

also disagree with appellant's argument that this court should disregard the conclusion of the Court of Appeals because the latter ignored the district court's findings and made new and different ones of its own. Appellant's argument that the opinion of the Court of Appeals was erroneous appears to be nothing more than an attempt to relitigate issues which have been finally adjudicated. The effect of the Court of Appeals decision was to reverse the findings of the district court which were inconsistent therewith. It is sufficient, for the purposes of the view we take regarding this case, that we interpret the Court of Appeals decision as finding that the appellee used the label BLANCHARD in commerce prior to appellant's use.

■ The principal issue for determination is that raised by appellant's contention that in view of the legal nature of a Supplemental Register registration, the appellant is not damaged because of the registration in issue and since registrations on the Supplemental Register are not to be treated as though they were on the Principal Register, the determination in the civil action ordering cancellation of registrations on the Principal Register is not binding in respect to the issues involved in the proceeding for cancellation of a Supplemental Register registration.

We do not interpret appellant's position to be in disagreement with the view that, except for the fact that the registration in controversy here is on the Supplemental Register, the Court of Appeals decision in the civil action, if free of error, would be determinative of the factual issues involved herein. That is, the marks involved, as well as the material facts and exhibits, are substantially the same.

We turn to the question, one of law, of the nature of an action to cancel a Supplemental Register registration. Such an action is specifically governed by section 24, Trademark Act of 1946 (15 U.S.C. § 1092) which gives any person who "believes that he is or will be damaged by the registration of a mark on this [supplemental] register," the right to apply to the Commissioner to cancel such registration. The quoted language is substantially identical to that which appears in section 14 of the Trademark Act of 1946 (15 U.S.C. § 1064), which applies to cancellation of Principal Register registrations.

■ Appellant does not controvert the proposition that prior use of a name which is not technically a trademark may be sufficient to show probable damage under section 14 of the Act so as to enable such prior user to successfully cancel a Principal Register registration. California Piece Dye Works v. California Hand Print, Inc., 159 F.2d 871, 34 CCPA 907.

In Bellbrook Dairies, Inc. v. Bowman Dairy Company, 273 F.2d 620, 47 CCPA 761, a case dealing with a petition for cancellation from the Supplemental Register, this court said:

As a prerequisite to the prosecution of this action, section 24 requires that the petitioner believes "that he is or will be damaged by the registration of a mark on this register * * *." This matter was considered by this court in the "VITA-SLIM" case and we agree with its holding in this connection wherein it was said, "Likelihood of confusion affords sufficient evidence of probable damage, even though the opposer may not have used its mark as a technical trademark."

See also Clairol, Incorporated v. Roux Distributing Co., 280 F.2d 863, 47 CCPA 1165, and Cummins Engine Co. v. Continental Motors Corp., 359 F.2d 892, 53 CCPA 1167, wherein petitions to cancel registrations on the Supplemental Register on the basis of prior use not as a technical trademark were sustained.

We find nothing in the statute which indicates that it contemplates a greater showing of damage under the present circumstances than when a petition to cancel a registration on the Principal Register is involved. We are in agreement with the board that the averments here of likelihood of confusion and priori-

ty of use apply equally as a basis for the cancellation of a registration on the Supplemental Register as on the Principal Register. In view of the fact that the issues of likelihood of confusion and priority of use were finally determined in the civil action involving the parties, there remains here no genuine issue as to any material fact and, therefore, summary judgment is proper.

The decision is affirmed.

Affirmed.