MORTON–NORWICH PRODUCTS, INC., Appellant,

v.

S. C. JOHNSON & SON, INC., Appellee.

Patent Appeal No. 75–619.

United States Court of Customs and Patent Appeals.

April 8, 1976.

Anthony J. Franze, Norwich, N.Y., attorney of record, for appellant.

Robert M. Newbury, Chicago, Ill. (Pattishall, McAuliffe & Hofstetter) Chicago, Ill., attorneys of record, for appellee. Harold F. Greiveldinger, H. Leroy Richards, Ralph H. Lane, Racine, Wis., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MILLER, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board[1] sustaining appellee's opposition No. 53,989, filed February 20, 1973, against application serial No. 405,487, filed October 19, 1971, for registration of RAINFRESH for liquid detergents. We affirm.

Appellee's uncontroverted evidence establishes that it is the prior user of the mark RAIN BARREL for a fabric softener; that RAIN BARREL is sold and advertised nationally; that sales of RAIN BARREL have exceeded $39 million and advertising and promotional expenditures have exceeded $13 million since its introduction into the marketplace in 1970; that RAIN BARREL is advertised as and capable of being used in the laundry wash cycle with a detergent; and that appellee's advertising has consistently claimed that RAIN BARREL makes clothes "rainwater soft, rainwater fresh."

Appellant has since 1971 been making token shipments[2] of liquid *dishwashing* detergent under the mark RAINFRESH. As noted by the board, however, the description of goods in appellant's application encompasses a liquid *laundry* detergent that could be used with appellee's fabric softener during the wash cycle; furthermore, the parties' goods move through the same channels of trade to the same customers. It found, therefore, that the parties' goods are closely related. The board referred to the common use of "Rain" and said that the marks create substantially similar commercial impressions—the concepts of softness and freshness of rainwater—especially in view of appellee's consistent advertising use of "rainwater soft, rainwater fresh." Accordingly, considering the marks in their entireties, the board concluded "that applicant's mark so resembles opposer's previously used trademark as to be likely, when applied to applicant's goods, to cause confusion or mistake or deception" and that likelihood of confusion is indicative of probable damage.

Appellant argues that the test is not whether the marks suggest the same characteristics of the goods to which they are applied, but whether they are synonymous; further, that a trademark owner should not be heard to complain if he selects a mark suggestive of a product's qualities and another comes forth with a mark suggestive of the same qualities. Appellant also complains that the board found it necessary "to resort to additional text of Opposer's label to find that Opposer's fabric softner [*sic*] would make clothes 'rainwater soft, rainwater fresh'."

▪ Appellant's complaint about the board's reliance on the phrase "rainwater soft, rainwater fresh" is not well taken. All relevant evidence must be considered in determining likelihood of confusion. *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973). Even if use of the phrase does not amount to a trademark use, it may be considered along with prior use of a trademark to show likelihood of confusion to sustain an opposition. *California Piece Dye Works v. California Hand Prints, Inc.*, 159 F.2d 871, 34 CCPA 907, 72 USPQ 505 (1947); see *Lever Brothers Co. v. Nobio Products, Inc.*, 103 F.2d 917, 26 CCPA 1253, 41 USPQ 677 (1939).

▪ We agree with the board that the close relationship of the parties' goods and the similarity of commercial impressions of the marks are such that confusion would be likely. *Spice Islands, Inc. v. Frank Tea & Spice Co.*, 505 F.2d 1293, 184 USPQ 35 (CCPA 1974). Appellee's goods, unlike appellant's, have been widely promoted. Its advertisements and labels, in addition to using the phrase "rainwater soft, rainwater fresh," have stressed the softness and freshness resulting from the use of its product. Its television commercials have pictured a filled rain barrel and indicated that its product makes everything feel as soft and fresh as the rainwater in the barrel. Thus

---

1. 185 USPQ 573 (1975).

2. Although appellee has raised the issue of whether appellant's use is sufficient to support registration, we need not reach it.

a connotation of rain-softness and rain-freshness has been created in RAIN BARREL. Whether the marks themselves are synonymous is not the test. See *Paula Payne Products Co. v. Johnson Publishing Co.*, 473 F.2d 901, 177 USPQ 76 (CCPA 1973); *Procter & Gamble Co. v. Conway*, 419 F.2d 1332, 57 CCPA 865, 164 USPQ 301 (1970); *Standard International Corp. v. America Sponge & Chamois Co.*, 394 F.2d 599, 55 CCPA 1155, 157 USPQ 630 (1968).

The board's statement that likelihood of confusion from the simultaneous use of the parties' marks on their goods is indicative of probable damage is clearly correct. *Daggett & Ramsdell, Inc. v. Procter & Gamble Co.*, 275 F.2d 955, 47 CCPA 844, 125 USPQ 236 (1960).

Accordingly, the decision of the board is *affirmed*.

*AFFIRMED.*